IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES LARRY HUNNICUTT, #1667980, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:24-CV-1231-E-BK |
| DIRECTOR, TDCJ-CID, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Charles Larry Hunnicutt's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for case management, including issuing findings and a recommended disposition. As detailed here, Hunnicutt's successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 2010, Hunnicutt pled guilty to three counts of first-degree, aggravated sexual assault of a child under 14 years old, and was sentenced to 20 years' imprisonment. *State v. Hunnicutt*, Nos. F09-61782, F09-61783, F09-61784 (283rd Jud. Dist. Ct., Dallas Cnty., Tex., Sep. 7, 2010). Several years later, after his parole was revoked, Hunnicutt unsuccessfully challenged the denial of parole in state and federal habeas proceedings. *See Hunnicutt v. Director*, No. 3:20-CV-03375-L-BT, 2021 WL 6284097, at *1 (N.D. Tex. Dec. 15, 2021), *rec. adopted*, No. 3:20-CV-3375-L-BT, 2022 WL 948392, at *1 (N.D. Tex. Jan. 5, 2022) (denying relief and dismissing habeas petition with prejudice); *Ex parte Hunnicutt*, Nos. WR-34,608-22, -23, -24, (Tex. Crim.

App. May 31, 2023) (denying state writs). In 13 grounds, Hunnicutt's previous federal petition asserted that the Texas Board of Pardons and Parole (Board) had (1) erroneously denied him release on parole and (2) denied him rehabilitative treatment, including classes, throughout his incarceration, and this treatment would have assisted him with correcting his behavior and cognitive skills so that he could meet the requirements of parole. *Hunnicutt*, 2021 WL 6284097, at *1. He complained of violations of his due process, equal protection, and fundamental rights under the Fifth, Eighth, Ninth, and Fourteenth Amendments. *Id.*

In December 2023, Hunnicutt filed subsequent state habeas applications challenging the denial of his prior writs and claiming the Board violated his due process, equal protection, and fundamental rights and also deprived him of his rights under the Suspension Clause and to petition the government for redress of grievances. *Ex parte Hunnicutt*, Nos. W0961784-F, W0961782-G, W0961783-F (283rd Jud. Dist. Ct., Dallas Cnty., Tex.,). The Texas Court of Criminal Appeals dismissed the writ as successive under Tex. Code of Crim. Proc. Art. 11.07, Sec. 4(a)-(c). *Ex parte Hunnicutt*, Nos. WR-34,608-25, -26, -27 (Tex. Crim. App. Mar. 20, 2024).

On May 21, 2024, Hunnicutt filed his federal habeas petition again challenging the denial of his release on parole and rehabilitative treatment and programs. Doc. 3 at 5-10. He reiterates the allegations in his subsequent state writs. *Id.* As to the suspension-clause claim, he adds that it "did not occur until May 31, 2023," when the TCCA denied his first state writs challenging the Board's denial of parole. Doc. 3 at 11.

## II. ANALYSIS

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner

must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.  *See* 28 U.S.C. § 2244(b)(2).  Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  The failure to comply with the requirements of § 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition.  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

Here, the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition.  As state *supra*, Hunnicutt must obtain such an order before he can file a successive application challenging the denial of release on parole and rehabilitative treatment and programs.  Therefore, his § 2254 petition should be transferred to the United States Court of Appeals for the Fifth Circuit.  *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. CONCLUSION

For all these reasons, Hunnicutt's successive habeas petition should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. §

2244(b)(3); 28 U.S.C. § 1631.

**SO RECOMMENDED** on June 5, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).